**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SAN CLEMENTE PUBLISHING CORPORATION; Coastline Publishers, Inc., Respondents.**

**No. 22710.**

United States Court of Appeals
Ninth Circuit.

Feb. 12, 1969.

Robert M. Lieber (argued), Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Davison, Washington, D. C., Ralph E. Kennedy, Director, NLRB, Los Angeles, Cal., for petitioner.

Lee T. Paterson (argued) of Van De Water, Powell & Paterson; Brundage & Hackler, Los Angeles, Cal., for respondent.

Before BARNES and ELY, Circuit Judges, and PREGERSON, District Judge *.

**PER. CURIAM:**

This case comes before the Court on petition of the National Labor Relations Board [hereinafter referred to as the Board] for enforcement of its order issued against respondents on August 10, 1967 and reported at 167 NLRB No. 2. This Court has jurisdiction pursuant to 29 U.S.C. § 160(e).

In October, 1966, respondent San Clemente Publishing Company [hereinafter referred to as the Company] and the Orange Typographical Union No. 579 of the International Typographical Union AFL–CIO [hereinafter referred to as the Union], orally agreed to have a mutually acceptable third party poll the

* Honorable Harry Pregerson, District Judge, Central District of California, sitting by designation.

five employees in the Company's Composing Room to determine whether the employees wished to be represented by the Union. The Company also orally agreed that if a majority of those polled favored representation, then it would recognize and bargain with the Union.

A third party was chosen, and on October 24, 1966 he asked each employee privately whether he desired representation by the Union. The person chosen to conduct the poll then reported to the Company and the Union that a majority of the five employees wished representation, but he did not indicate the actual count of votes.

The Company agreed to recognize and bargain with the Union. A meeting was held between the Union and the Company on November 24, 1966, but no agreement was reached. No bargaining impasse occurred, however, and neither party's conduct was found to be dilatory or in bad faith.

Early in December, one of the five employees quit his job and a replacement was hired. On December 8, 1966 three of the employees presented a written petition to the Company, stating that they did not wish to be represented by the Union. They informed the Company that when the original poll was taken, the vote was three to two in favor of representation, but after replacement of the employee who quit, the sentiment was three to two against representation. On December 14, 1966 the Company withdrew its recognition of the Union, and since then the Company and its successor, Coastline Publishers, Inc., have refused to recognize the Union as the bargaining representative of the five employees.

The Board's trial examiner found that the Company had violated Sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (5). The Board affirmed the decision of the trial examiner and ordered the Company to bargain with the Union.

The question presented here is whether this case comes within the rule of Brooks v. N. L. R. B., 348 U.S. 96, 75 S.Ct. 176, 99 L.Ed. 125, 42 A.L.R.2d 1405 (1954). In the *Brooks* case the Supreme Court held that after a union had been chosen by a Board-conducted election, an employer committed an unfair labor practice by refusing to bargain with the union for a reasonable time, ordinarily one year, despite the fact that one week after the election and before Board certification, the union lost its majority support through no fault of the employer.[1]

The Company contends that the *Brooks* case should be limited to cases where the union has been chosen by a Board-conducted election. We disagree. To hold that only a Board-conducted election is binding for a reasonable time would place a premium on the Board-conducted election and would hinder the use of less formal procedures that, in certain situations, may be more practical and convenient and more conducive to amicable industrial relations.

We therefore agree with the decisions reached by the Sixth and Seventh Circuits in cases similar to this one. N. L. R. B. v. Universal Gear Service 'Corp., 394 F.2d 396 (6th Cir. 1968); N. L. R. B. v. Montgomery Ward & Co., 399 F.2d 409 (7th Cir. 1968).

The Board's order is to be enforced.

---

1. "If an employer has doubts about his duty to continue bargaining, it is his responsibility to petition the Board for relief, while continuing to bargain in good faith at least until the Board has given some indication that his claim has merit. Although the Board may, if the facts warrant, revoke a certification or agree not to pursue a charge of an unfair labor practice, these are matters for the Board; they do not justify employer self- help or judicial intervention. The underlying purpose of this statute is industrial peace. To allow employers to rely on employees' rights in refusing to bargain with the formally designated union is not conducive to that end, it is inimical to it." Brooks v. N.L.R.B., 348 U.S. 96, 103, 75 S.Ct. 176, 181, 99 L.Ed. 125, 42 A.L.R.2d 1405 (1954). (footnotes omitted).